J. Anthony Vessel (State Bar No. 240840109)  Guillermo Ramos Luiña
Anthony@marcwhitehead.com                    USDC No. 204007
MARC WHITEHEAD AND ASSOCIATES, LLP           gramlui@yahoo.com
5300 Memorial Drive, Suite 725               PO Box 22763, UPR Station
Houston, Texas 77007                         San Juan, Puerto Rico 00931-2763
Telephone: (713) 228-8888                    Tel. (787) 620-0527
Facsimile: (713) 225-0940                    Fax (787) 620-0527

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EDGAR ORTIZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | Civil No.: 18-1545 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff EDGAR ORTIZ, hereinafter referred to as "Plaintiff," brings

1.　　This ERISA action against Reliance Standard Life Insurance Company, in its capacity as Administrator of the AMGEN Manufacturing, Limited Long Term Disability Plan, hereinafter referred to as "Defendant." Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of his employment with AMGEN Manufacturing, Limited.

## PARTIES

2. Plaintiff Edgar Ortiz is currently a citizen and resident of Las Vegas, Nevada. At the time of his employment with AMGEN Manufacturing, Limited, Plaintiff lived in Puerto Rico.

3. Defendant Reliance Standard Life Insurance Company is a properly organized business entity doing business in the District of Puerto Rico.

4. The disability plan at issue in the case a bar was funded and administered by Defendant.

5. Defendant is a business entity doing business in the District of Puerto Rico. Defendant may be served with process by serving CT Corporation System, 361 San Francisco Street, Penthouse, Old San Juan, PR 00901.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce his rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), which provides "(a) civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

7. Venue in the District of Puerto Rico is proper by virtue of Defendant doing business in the District of Puerto Rico. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may

be found." 29 U.S.C. 1132(e)(2).  Therefore, venue may also be proper under the third prong of ERISA venue provision, specifically "where a defendant resides or may be found." (*Id.*)  The Ninth Circuit, in *Varsic*, concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant. *Varsic*, 607 F.2d at 248."  See *Frost v ReliOn, Inc.*, 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007).  Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States.  See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 825-26 (5th Cir. 1996), citing *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994).  Here, Defendant is "found" within the District of Puerto Rico, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective July 1, 2009.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with AMGEN Manufacturing, Limited.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, Defendant's decision to deny benefits should be reviewed by this Court under a *de novo* standard of review.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

16. Plaintiff is a 42 year old man previously employed by AMGEN Manufacturing, Limited as a "Senior Validation Specialist."

17. Senior Validation Specialist is classified under the Dictionary of Occupational Titles as Light with an SVP of 7 and considered to be skilled work.

18. Due to Plaintiff's degenerative and traumatic injuries, Plaintiff ceased working on October 28, 2010 as on this date Plaintiff suffered from multiple sclerosis, seizures, chronic pain, depression and anxiety.

19. Plaintiff alleges he became disabled on October 28, 2010.

20. Plaintiff filed for short term disability benefits with Defendant.

21. Short term disability benefits were granted.

22. Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

23. Through a letter dated November 18, 2014, Defendant denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.

24. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation."

25. If granted the plan would pay monthly benefits of $3,898.53.

26. Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27. Plaintiff timely pursued his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

28. Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as defined by the Plan.

29. Additionally, the Social Security Administration issued a fully favorable decision to Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period.  Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as it requires the claimant to be unable to work in "any occupation in the National Economy."

30. Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

31. On or about August 10, 2015, Defendant's paid consultant, Neelum Aggarwal, M.D., neurology, performed a paper review of Plaintiff's claim file.

32. There is an indication that a "Barbara Finnegan, RN, CCM" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

33. There is an indication that a "Jane Hall, RN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

34. There is an indication that a "Linda Shanks, RN, MSN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

35. There is an indication that a "Mary Kay Walder, RN, BSN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

36. Defendant's consultants completed their reports without examining Plaintiff.

37. On September 8, 2015, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

38. Defendant also notified Plaintiff on September 8, 2015 that Plaintiff had exhausted his administrative remedies.

39. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations on his ability to engage in work activities.

40. Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## **MEDICAL FACTS**

41. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

42. Plaintiff suffers from multiple sclerosis, seizures, chronic pain, depression and anxiety.

43. Treating physicians document chronic pain and weakness.

44. Plaintiff's multiple disorders have resulted in restrictions in activity and have significantly curtailed his ability to engage in any form of exertional activity.

45. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

46. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

47. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

48. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as document throughout the administrative record.

49. Plaintiff's documented medical conditions and pain are so severe that they impair his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, meaning an 8-hour day, day after day, week after week, month after month.

50. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

51. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

52. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

53. However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

## DEFENDANT'S CONFLICT OF INTEREST

54. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

55. Defendant's determination was influenced by its conflict of interest.

56. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

57. The LTD plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

58. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

59. More information promotes accurate claims assessment.

60. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

61. Plaintiff incorporates those allegations contained in paragraph 1 through 60 as though set forth at length herein.

62. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

Complaint 8

MARC WHITEHEAD AND ASSOCIATES LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
713.222.8888

    b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

    c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

    d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## **COUNT II: ATTONREY FEES AND COSTS**

63. Plaintiff repeats and realleges the allegations of paragraphs 1 through 62 above.

64. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C § 1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A. Grant Plaintiff relief, finding that he is entitled to all past due short term and long term disability benefits yet unpaid;

B. Order Defendant to pay past due short term and long term disability benefits retroactive to March 7, 2013 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an

adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

      D.      Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

      E.      For such other relief as may be deemed just and proper by the Court.

Dated:  August 3, 2018.

                        Respectfully submitted,

                        *S/GUILLERMO RAMOS LUIÑA*
                        GUILLERMO RAMOS LUIÑA
                        USDC No. 204007
                        gramlui@yahoo.com

                        PO Box 22763, UPR Station
                        San Juan, Puerto Rico 00931-2763
                        Tel. (787) 620-0527
                        Fax (787) 620-0039

J. Anthony Vessel
*Pro Hac Vice Pending*
Tex. Bar No. 240840109
Anthony@marcwhitehead.com

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone:  (713) 228-8888
Facsimile:   (713) 225-0940